IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACQUEL LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-293-RGA |
| STATE OF DELAWARE DIVISION OF SOCIAL SERVICES MEDICAID & MEDICAL ASSISTANCE, et al., | : |
| Defendants. | : |

| | |
|---|---|
| RACQUEL LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-390-RGA |
| U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, et al., | : |
| Defendants. | : |

Racquel Lewis, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 20, 2023
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Racquel Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis* in both of the above-captioned cases. She has filed a motion to consolidate the two cases, which will be granted.[1] Also pending in No. 23-293-RGA is a motion to seal. (D.I. 6). Also pending in No. 23-390-RGA are three motions to seal (D.I. 7, 9, 14), a motion to amend the complaint (D.I. 8), a motion to dismiss (D.I. 11), a motion to correct or reconsider (D.I. 12), and a motion to reconsider (D.I. 13). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

In No. 23-304-RGA, Plaintiff names as Defendants the U.S. Department of Health and Human Services ("HHS"), the United States Department of Education's Employee Assistance Program ("EAP"), and Medicaid/Medicare. She asserts a claim under 42 U.S.C. § 1983, as well as claims for age discrimination, violations of the Americans with Disabilities Act ("ADA"), and violations of various federal regulations. Her allegations are difficult to follow. She alleges that she was enrolled in EAP in March 2015, after a year of engaging in protected activity by lodging a complaint with the Equal Employment Opportunity Commission, that involved Plaintiff's supervisor "stalking" her social media accounts and harassing her to the point of constructive discharge. In January 2019, an EAP representative reported Plaintiff as a risk to her employer. Her employment was terminated the next morning and she was denied unemployment for

---

[1] No. 23-390-RGA, D.I. 10; No. 23-293-RGA, D.I. 5.

the falsely stated reason that she had threatened someone. She has been labeled by EAP as both a security risk and mentally unstable. As a result, Plaintiff and her son were placed on Behavioral Health Medicaid/Medicare Plans, and Medicare Plan H. She was "tortured," and her son was "bullied in school." She is "still under cybersecurity control." She requests $20 million dollars in damages.

In No. 23-293-RGA, Plaintiff names as Defendants the Delaware Division of Social Services Medicaid & Medicare Assistance and Highmark Health Insurance. She brings claims for age discrimination, violation of her rights under the Health Insurance Portability and Accountability Act ("HIPAA"), and violations of the ADA. She alleges that she was placed in a Mental Health Plan H with her son through Highmark, despite not responding to an open enrollment letter offering the option to switch plans, and that she was rejected for medication due to her age. Approximately two months after being enrolled in Highmark, her medical coverage abruptly ended. Plaintiff requests $500,000 in damages.

Many of Plaintiff's pending motions in No. 23-390-RGA are difficult to follow. Her motion to amend (D.I. 8), which concerns child support, seems wholly unrelated to this suit. Her motion to "discontinue" (D.I. 11), which was filed after her motion to consolidate, requests that I "[p]lease discontinue this claim 23-390," and "remove [it] from the courts." It is not clear if this request is related to her motion to consolidate, *i.e.*, if her intent was for No. 23-390-RGA to be "discontinued" and the claims within it to proceed in No. 23-293-RGA. In her subsequently filed motion to correct or reconsider

2

(D.I. 12), she requested "to remove the faith based organizations from 23-390,"[2] "[b]ut . . . to keep the medical/medicaid/mental health portion." In her motion to reconsider (D.I. 13), she requests "adding the faith based (church) services back into the claim."

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

---

[2] There weren't any faith based defendants.

3

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

With the exception of Highmark, all Defendants are immune from this suit. With regard to the Delaware Division of Social Services, the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp.*

4

*v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its Eleventh Amendment immunity. *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017). As an agency of the State of Delaware, the Division of Social Services is entitled to immunity under the Eleventh Amendment. Therefore, the Delaware Division of Social Services will be dismissed based on its immunity from suit.

Similarly, it appears that Plaintiff's claims cannot be brought against HHS, which, as "a federal agency, operates under federal, not state, law and is thus immune from lawsuits brought pursuant to § 1983 (and its federal analog, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971))." *Mayer v. N.J. Dep't of Health*, 2023 WL 2523695, at * (D.N.J. Mar. 15, 2023) (cleaned up); *Wooten v. U.S. Dep't of Health & Hum. Servs.*, 2011 WL 536448, at *6 (S.D.N.Y. Feb. 15, 2011) ("Because HHS has never waived sovereign immunity, this Court lacks subject matter jurisdiction over HHS on plaintiff's *Bivens* claim."); see also *Tucker v. Sec'y of HHS*, 588 F. App'x 110, 115 (3d Cir. 2014) (per curiam).

In any event, Plaintiff's Complaints, even when viewed in the light most favorable to her, are otherwise frivolous and fail to state claims. My experience and common sense lead me to the conclusion that the allegations are legally and factually frivolous. In other words, they "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Plaintiff has failed to state a claim under any of the legal theories she raised, and there is no plausible manner in which she could state a claim based on her allegations. For example, there is no private right of action to

bring a HIPAA claim. See *Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. Oct. 29, 2019) (per curiam); *Fatir v. Phelps*, 2019 WL 2162720, at *12 (D. Del. May 17, 2019). Amendment is therefore futile.

Plaintiff's motions to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

Plaintiff's other pending motions will be denied.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). Amendment is futile.

An appropriate Order will be entered.